308    THE PEOPLE ex rel. WEEKES v. BALDWIN.

Second Department, December Term, 1879.

## THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS F. WEEKES, Appellant, v. FRANCIS R. BALDWIN, as Treasurer of the County of Queens, Respondent.

*Sale of land for taxes in Queens county — fees of county treasurer — chapter 268 of 1877 — chapter 226 of 1878.*

Section 21 of chapter 226 of 1878, relating to the sale of lands in Queens county for unpaid taxes, provides that "the county treasurer shall be allowed, in case the proceedings be discontinued before the sale, in accordance with the provisions of this act, the amount actually paid by him for publication in newspapers as aforesaid, and for his own fees upon the same, the sum of one dollar for every lot, plot or parcel so assessed."

*Held,* that the county treasurer was entitled to his fees whenever a tax was sought to be paid, after he had completed the list and notice of sale and delivered the same to the printer, though before the time of its first publication.

Appeal from a judgment in favor of the defendant, entered upon an order overruling a demurrer interposed by the relator to the return of the defendant.

On the 15th day of May, 1879, an order was made by Judge Pratt, requiring the respondent, as treasurer of Queens county, to show cause. why he, as treasurer, should not be compelled forthwith to receive the sum of $326.61 in full payment of the unpaid taxes, county and State, for the year 1877, upon the parcels of land in the town of Flushing belonging to the appellant, to mark said taxes paid, to give a receipt or receipts therefor, and to strike out the said lots from the list of unpaid taxes for 1877, and to refrain from and stop the publication of said property for sale for unpaid taxes for that year.

The relator claimed that on the second day of May, 1879, he tendered to the treasurer $326.61 (being the taxes and accrued interest); that this was declined, and that he then tendered the same amount, with the printer's fees added of seventy cents per lot; that this was also declined, and the treasurer told him he would receive the money provided he would pay the treasurer's charges also, which the relator refused to do.

The treasurer had, some ten days prior to this tender, made out the Flushing list, showing the lots on which the taxes were unpaid, and delivered it to the newspapers in which it was to be published,

Nearly the whole of the notice was in type in the Flushing Journal office before the second day of May, and the notice was first published on the tenth of May, 1879.

The notice was received at the Whitestone Herald office several days prior to May second, and first published on the fourteenth of May.

Upon the return to the order to show cause, the relator demurred to the return, for the reason that it showed no sufficient ground or reason why the writ should not be granted. The demurrer was overruled and judgment entered for the defendant.

*Geo. W. Van Siclen,* for the appellant.

*Jno. J. Armstrong,* for the respondent.

Barnard, P. J. :

There is but a single question presented by this appeal. By the provision of chapter 268 of the Laws of 1877, as amended by chapter 226 of the Laws of 1878, the county treasurer had, whose duty it was so to do by these laws, prepared lists of the various lots in Queens county upon which the taxes were unpaid for the year 1877 ; and about the 20th April, 1878, had delivered the lists as required by these laws, together with a notice that the same would be sold if the taxes and expenses were not paid by the day fixed in the notice. After these lists had been in the hands of the printers, and were almost entirely set up, the relator offered to pay his tax without any payment to the county treasurer.

Section 21 of chapter 226 of Laws of 1878, provides as follows : " The county treasurer shall be allowed, in case the proceedings be discontinued before the sale, in accordance with the provisions of this act, the amount actually paid by him for publication, in newspapers as aforesaid, and for his own fees upon the same, the sum of one dollar for every lot, plot or parcel so assessed." We think that the county treasurer, in addition to the

tax, was entitled to the sum of one dollar upon each piece of relator's land separately assessed under this section. He had done his duty in making out the list and delivering it to the printers. They had set it up in print, and the list was published on the tenth of May, a few days after the relator wished to pay the tax. The county treasurer was charged with no further duty until the day of sale. In case of sale, he was entitled to $1.50 for each lot assessed separately. The proceedings were not initiated by the printer, but by the county treasurer. They were commenced when the list was delivered to the printer for publication. The discontinuance, intended by the act in question, is affected by a payment at any time after the delivery of the completed list to the printer.

The judgment and order appealed from should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J. ; DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.